Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6577 | DATE | 8/8/2001 |
| CASE TITLE | USA ex rel. Jesus Davila vs. Jerry Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because Davila filed this habeas petition outside of the one-year statute of limitations for filing such petitions, the court grants Respondent's motion to dismiss Davila's habeas petition (Doc. No. 14) as untimely.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | 3 number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 09 2001 date docketed | | 18 |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -8 PM 4:53 | 8/8/2001 date mailed notice | | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION,

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. JESUS DAVILA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY STERNES,<br><br>Defendant. | **DOCKETED**<br>AUG 0 9 2001<br><br>No. 00 C 6577<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Petitioner Jesus Davila filed the instant petition for writ of habeas corpus on October 23, 2000, alleging that he received ineffective assistance of counsel at trial and all stages of his appeal and that he did not knowingly waive his right to be tried by a jury. Respondent Jerry Sternes has moved to dismiss the petition as untimely. For the reasons set forth below, Respondent's motion is granted.

## PROCEDURAL HISTORY

On April 12, 1995, following a bench trial in the Circuit Court of Cook County, Petitioner Jesus Davila ("Petitioner"), along with his son, Rick Davila, was convicted of delivery of a controlled substance and sentenced to twenty-five years' imprisonment. (Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (hereinafter "Respondent's Motion"), Exhibit A, *People v. Davila*, No. 1-95-1439, slip op. at 1 (Ill. App. Ct. Sept. 6, 1996).) Petitioner filed a timely appeal of his conviction to the Illinois Appellate Court, alleging (1) court error in finding that he knowingly and intelligently waived his right to a jury trial; and (2) ineffective assistance of trial counsel. (*Id.*) The

Illinois Appellate Court affirmed Petitioner's conviction on September 6, 1996. *Id.* Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, raising the same two issues.[1] (*People v. Davila*, 173 Ill. 2d 531, 684 N.E.2d 1338 (Table Ill. 1997).) The Court denied that petition on June 4, 1997. (*Id.*)

Petitioner filed a timely post-conviction petition, which was denied by the trial court on December 29, 1997. (Respondent's Motion, Exhibit C.) Petitioner appealed that decision to the Illinois Appellate Court and, at that time, Petitioner's appointed counsel filed a motion to withdraw as appellate counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). (*Id.*, Exhibit D.) On March 30, 1999, the Illinois Appellate Court granted counsel's *Finley* motion and affirmed the Circuit Court's judgment. (*Id.*, Exhibit E, *People v. Davila*, No. 1-98-0466.) By his own admission, Petitioner failed to file a timely appeal of his post-conviction petition to the Illinois Supreme Court. (*See* Petitioner's Motion to Show Cause, at 3.) Instead, he filed a petition for leave to file a late petition for leave to appeal on May 26, 2000, but that petition was denied by the court on October 3, 2000.

Currently incarcerated at the Dixon Correctional Center, Petitioner filed the instant habeas petition on October 31, 2000, alleging that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) he failed to knowingly and intelligently waive his right to a jury trial; and (3) he received ineffective assistance of counsel

---

[1] Petitioner actually missed the deadline for filing his petition for leave to appeal to the Illinois Supreme Court, but he filed a petition for leave to file a late petition for leave to appeal on January 1, 1997. The court granted that petition, and therefore treated his petition as a timely petition for leave to appeal.

- 2 -

during his post-conviction appeal. Respondent now moves to dismiss Davila's petition as untimely.

## DISCUSSION

Section 2244 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes the statute of limitations for all habeas petitions. The relevant part of this provision provides that "[a] one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a [s]tate court." 28 U.S.C. § 2244(d)(1). In Davila's case, that limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(a). AEDPA provides, however, that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

The direct review in Petitioner's case was concluded by the Illinois Supreme Court on June 4, 1997, when it denied Davila's petition for leave to appeal. Pursuant to Supreme Court Rule 13, Petitioner is entitled to count an additional 90 days, during which time he could have filed a petition for writ of certiorari in the United States Supreme Court. *See Guitierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (Congress intended to exclude from the one year statute of limitations any time during which a direct appeal could have been filed, even if such appeal was never filed). Davila's direct review was therefore concluded on September 2, 1997. Petitioner filed a timely post-

conviction petition on September 25, 1997, tolling the statute of limitations for filing his habeas petition. The trial court denied his post-conviction petition on December 29, 1997. Petitioner timely appealed that denial to the Illinois Appellate Court on January 24, 1998, which affirmed the trial court's ruling on March 30, 1999.

Petitioner did not bring the instant habeas petition until October 23, 2000, one year and seven months after the Illinois Appellate Court's ruling. Petitioner had less than one year from the date of that ruling to bring his habeas petition because the statute of limitations began running during the time his post-conviction petition was not pending, including the three week period from September 2, 1997 until September 24, 1998 and the almost one month period from December 29, 1997 until January 24, 1998. Even assuming, however, that Petitioner had until March 30, 2000 to bring his habeas petition, he nevertheless missed that deadline by seven months.

Nor does the fact that Petitioner sought leave to file a late petition for leave to appeal to the Illinois Supreme Court help him. Under § 2244, only a properly filed petition can toll the one-year limitations period. 28 U.S.C. § 2244(d)(2). "[A] 'properly filed application' is one submitted according to the state's procedural requirements such as the rules governing the time and place of filing." *Hernandez v. Boyd*, No. 99 C 1943, 2000 WL 139475, at *2 (N.D. Ill. Jan. 31, 2000) (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir. 1998)). A petition for leave to file a late petition for leave to appeal to the Illinois Supreme Court is, therefore, not a properly filed application. *Id.* (quoting *U.S. ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1038 (N.D. Ill. 1998); *see also Wesley v. Haws*, No. 98 C 3205, 1999 WL 417378, at *1 (N.D. Ill. June 11, 1999)

(where petitioner filed a motion for leave to file a late petition for leave to appeal, and that motion was denied, the late petition did not equitably toll or restart the AEDPA period of limitations). As the court explained in *Hernandez*, any contrary result would allow petitioners to "obtain an indefinite extension of the one-year deadline by filing motions for leave to file a state petition to appeal," effectively gutting "the effectiveness of setting . . . a firm limitations period." 2000 WL 139475 at *2. Additionally, in Petitioner's case, the Illinois Supreme Court actually denied his request to file a late petition.[2] As such, along with being untimely, his petition was never "pending" in the Illinois Supreme Court.

Nor does Petitioner present adequate grounds for equitable tolling of the statute in this case. AEDPA's one-year period of limitations is subject to equitable tolling, *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999)(citing *United States v. Griffin*, 58 F. Supp. 2d 863, 868 (N.D. Ill. 1999)), but such equitable tolling is "granted sparingly," only when "[e]xtraordinary circumstances far beyond the litigant's control" prevented timely filing. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)(quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In Petitioner's case, he contends only that "unbeknownst to petitioner, the Public Defender's Office had filed a Motion to Withdraw as counsel on appeal, and the

---

[2] Petitioner contends that the Illinois Supreme Court actually accepted his petition and then denied it on its merits on October 3, 2000. Petitioner is incorrect. Instead, this court confirmed with the Illinois Supreme Court that Davila's petition *for leave to file* a late petition was denied on October 3, 2000, and, therefore, the Illinois Supreme Court never considered his petition on its merits.

Appellate Court had filed its order affirming the denial of the post-conviction petition." Petitioner's Motion to Show Cause, at 2. Petitioner does not, however, explain when or how he became aware of the Illinois Appellate Court's denial of his petition, nor does he claim that any failure to get adequate notice of the order was the reason he did not file a timely appeal of his post-conviction petition. Instead, he explains:

> Petitioner did not know or understand the nature of the proceeding . . . as far as appeal to the Illinois Supreme Court. Petitioner was totally unaware that he only had [35] days to commence action in the Illinois Supreme Court . . . . Unfortunately for petitioner he did not know that his time limitation for filing . . . had expired until he conferred with another inmate.

Petitioner's Motion to Show Cause, at 3. To bolster his argument, Petitioner attaches the affidavit of the inmate who explained the process to him, Johnny A. Outlaw. According to Outlaw, Petitioner "informed me that he thought his case was still pending. I told him that his case was not pending" and that he must immediately file a late petition. *Id.*, Outlaw Aff. Outlaw also explained that "[b]ased upon the information . . . I received from Jesus Davila, he did not understand the proceeding and had been misinformed about the procedure for filing a petition for leave to appeal." *Id.*

It appears from this record that Petitioner did have adequate notice of the Illinois Appellate Court's denial of his post-conviction petition, but he simply misunderstood what that notice meant and did not seek out anyone's help in understanding his rights until April 24, 2000. Further, Petitioner's claim that he did not know about the *Finley* motion is not credible: His attorney testified that he discussed the *Finley* motion with Petitioner and advised him of his opportunity to

respond to the motion. More importantly, Petitioner himself filed a response opposing that motion. *See* Respondent's Motion to Dismiss, Exhibit D, Motion for Leave to Withdraw as Counsel on Appeal Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), ¶ 8; Respondent's Motion to Dismiss, Exhibit E, *People v. Davila*, No. 1-98-0466 (affirming trial court's denial of Petitioner's post-conviction petition only after reviewing the record in the case and "defendant's response to the [*Finley*] motion"). Thus, Petitioner has presented no evidence from which this court could conclude that he did not receive timely notice of the Illinois Appellate Court's decision. Petitioner's own ignorance of the state procedural requirements does not present grounds for equitable tolling.

Finally, Petitioner contends that his petition cannot be dismissed as untimely because, in a minute order dated December 20, 2000, this court already determined his petition to be timely. Petitioner is incorrect. Instead, the court merely explained that after receiving petitioner's "motion to show cause" the court "provisionally finds the petition to be timely, without prejudice to a contrary showing by respondent." (Doc. No. 9.) This order does not now preclude the court from finding, as it has, that Davila's habeas petition must be dismissed as untimely.

## CONCLUSION

Because Davila filed this habeas petition outside of the one-year statute of limitations for filing such petitions, the court grants Respondent's motion to dismiss Davila's habeas petition (Doc. No. 14) as untimely.

ENTER:

Dated: August 8, 2001

REBECCA R. PALLMEYER
United States District Judge